UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEMETH RAY CASTILLE, | No. C 06-6236 MHP (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| MICHAEL KNOWLES, warden, | |
| Respondent. | |

## INTRODUCTION

Clemeth Ray Castille, an inmate at Kern Valley State Prison in Delano, California, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to the habeas petition, petitioner was convicted in Alameda County Superior Court of murder and robbery. On November 18, 1999, he was sentenced to life imprisonment without the possibility of parole. He appealed his conviction. His conviction initially was affirmed and his petition for review was denied, but aparently the U. S. Supreme Court vacated the judgment and remanded the case for further consideration in light of Crawford v. Washington, 541 U.S. 36, 61 (2004). On the second round of the appeal, the California Court of Appeal affirmed the conviction and the California Supreme Court denied the petition for review. Castille then filed this action, seeking a writ of habeas corpus.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges a single claim, i.e., that Castille's rights under the Confrontation Clause of the Sixth Amendment to the U.S. Constitution were violated.  Liberally construed, the claim is cognizable in federal habeas and warrants a response.

**CONCLUSION**

For the foregoing reasons,

1. The petition states a cognizable claim for habeas relief based on the alleged Sixth Amendment violation.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **February 23, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the state court record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **March 30, 2007**.

5.  Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: December 20, 2006

Marilyn Hall Patel
United States District Judge