UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEMETH RAY CASTILLE,<br><br>    Petitioner,<br><br>  v.<br><br>MICHAEL KNOWLES, warden,<br><br>    Respondent.<br>                                 / | No. C 06-6236 MHP (pr)<br><br>**ORDER DENYING MOTION FOR STAY AND REQUIRING TRAVERSE** |

    Petitioner has moved for a stay of the proceedings in this habeas action so that he may return to state court to exhaust state court remedies as to a new claim he wants this court to consider.

    A district court may stay a habeas action to allow the petitioner to exhaust his unexhausted claims in state court. Rhines v. Webber, 544 U.S. 269, 277-78 (2005). In Rhines, the Court discussed the stay-and-abeyance procedure for mixed habeas petitions. Rhines cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Rhines, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not plainly meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id. at 277-78. Castille's request falters under the Rhines requirement that the

claim(s) the petitioner wants to exhaust not be plainly meritless.

The only new claim that Castille identified is a claim under Cunningham v. California, 549 U.S. 270 (2007). The court repeatedly informed Castille that, in his motion for stay, he had to identify each and every claim he wanted to exhaust in state court. See Nov. 16, 2007 Order, p. 1; May 9, 2008 Order Extending Deadlines, p. 2. In his motion for a stay, the only claim he identified is the Cunningham claim.

In a line of Supreme Court cases that started with Apprendi v. New Jersey, 530 U.S. 466 (2000), and the most recent of which was Cunningham, the Supreme Court articulated a rule that, "under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence [than the statutory maximum] must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence." Cunningham, 549 U.S. at 281. The relevant statutory maximum "'is not the maximum sentence a judge may impose after finding additional fact, but the maximum he may impose without any additional findings." Id. at 283 (quoting Blakely v. Washington, 542 U.S. 296 303-04 (2004)). In Cunningham, the Court held that California's determinate sentencing law ("DSL") violated the Sixth Amendment because it allowed the sentencing court to impose an upper term sentence based on aggravating facts that it found to exist by a preponderance of the evidence. The sentencing scheme at issue directed the trial court to start with a "middle term" and then move to an "upper term" only if it found aggravating factual circumstances beyond the elements of the charged offense. See id. at 279. Concluding that the middle term was the relevant statutory maximum, and noting that aggravating facts were found by a judge and not the jury, the Supreme Court held that the California sentencing law violated the rule set out in Apprendi. Cunningham, 549 U.S. at 293.

Staying this action while Castille exhausts a Cunningham claim is not appropriate because the claim appears plainly meritless, see Rhines, 544 U.S. at 277, and he will be unable to show that an eventual rejection of it by the state court would be contrary to or an unreasonable application of clearly established federal law, as set forth by the Supreme Court.. Cunningham dealt with a part of California's sentencing law (i.e., the sentence triad

2

of lower/middle/upper terms) not at issue in the present case. Castille's <u>Cunningham</u> claim has no potential merit because his sentence is life without parole; he was not sentenced under the sentencing triad part of California's sentencing scheme. <u>Cunningham</u> will not enable Castille to challenge the life without parole sentence that was imposed after the jury found him guilty of first degree murder, and found true the special circumstances and arming allegations. There is no need to stay this action for him to exhaust a plainly meritless claim.

For the foregoing reasons, petitioner's motion for a stay and abeyance is DENIED. (Docket # 28.) In light of the denial of the motion for a stay, it is time for petitioner to file his traverse. Petitioner must file and serve his traverse no later than **thirty days** from the date of this order.

IT IS SO ORDERED.

DATED: November 14, 2008

_____
Marilyn Hall Patel
United States District Judge