UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLEMETH RAY CASTILLE,

Petitioner,

v.

MICHAEL KNOWLES, Warden,

Respondent.

_______________________________/

No. C 06-6236 MHP (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

**INTRODUCTION**

This is a federal habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2254 in which Petitioner Clemeth Ray Castille challenges the constitutional validity of his conviction. For the reasons set forth below, the petition is denied.

**BACKGROUND**

In 1999, an Alameda Superior Court jury found Petitioner guilty of one count of first degree murder with the special circumstance that the murder occurred during the attempted commission of a robbery, see Cal. Pen. Code §§ 187/211. The jury also found true an allegation that Petitioner had used a firearm during the crime, see id. § 12022.5. The trial court sentenced Petitioner to life in prison without the possibility of parole, plus ten years for the firearm enhancement. Petitioner appealed. The California Court of Appeal for the First Appellate District affirmed the judgment (Ans., Ex. 4 at 39), and the California Supreme Court denied his petition for review (id., Ex. 6). Petitioner filed a petition for a writ of certiorari to the United States Supreme Court, which vacated the judgment and remanded the action for

reconsideration in light of Crawford v. Washington, 541 U.S. 36 (2004). The California Court of Appeal again affirmed the conviction (id., Ex. 3), and the California Supreme Court denied the petition for review (id., Ex. 26).

Evidence presented at trial showed that Petitioner, along with his co-defendants Remon Shields and Robert Brown, robbed a market in Oakland, California in 1996. During the commission of this crime, Shields shot and killed a store clerk, Abdo Nashar. (Id., Ex. 3 at 1–2.)

Police arrested the three men, and questioned them individually. All three waived their Miranda rights.[1] When the individual statements had been completed, the police brought the three men together for joint questioning. At the joint questioning, each man spoke about his part in the robbery, and confirmed the details admitted by the other two. Specifically, Petitioner:

> either stated himself, or explicitly agreed with the statement of someone as follows. Along with Shields and Brown, [Petitioner] planned to rob the market. [Petitioner] got out of the car wearing a ski mask and pulled his jacket hood over his head. He took the shotgun from Shields, entered the store, and approached the clerk. The clerk grabbed [Petitioner's] gun. [Petitioner] let go of the gun; it fell to the floor and may have fired. [Petitioner] turned and saw Shields pointing his shotgun at the clerk. Fearing he might be shot, [Petitioner] ducked and ran from the store. He fled with Shields and Brown and hid the guns. Several weeks later he and Brown gave the guns to a friend.

(Id., Ex. 3 at 12.) At the conclusion of the joint interview, Petitioner was asked whether he understood and agreed with everything Shields, Brown, and the police had discussed. Petitioner responded, "Yes." (Id. at 11.) When asked whether he wanted to add anything, Petitioner declined. (Id.) The three men were tried together. At trial, none of the defendants contradicted the admissions made at their joint interrogation. Their individual statements, taken before the joint interrogation, were not introduced at trial. (Id. at 12.)

Petitioner alleges a single ground for federal habeas relief, viz., his Confrontation Clause rights, as they are described in Crawford, cited above, and in Bruton v. United States, 391 U.S. 123 (1968), were violated when the statements by Shields and Brown made at the joint interrogation were introduced at trial.

United States District Court
For the Northern District of California

**STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412–13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

**DISCUSSION**

**1. Crawford**

Petitioner claims that the admission of his co-defendants' statements violated his rights under Confrontation Clause, as such rights are articulated in Crawford, cited above

**United States District Court**
For the Northern District of California

(Pet., P. & A. at 1.) The state appellate court rejected Petitioner's Confrontation Clause claims, finding that Petitioner adopted the statements of his co-defendants, and, therefore, under state law, admission into evidence of the statements made at the joint interrogation did not constitute a violation of the Confrontation Clause. The state court also determined that even if the admission of the statements violated Petitioner's Confrontation Clause rights, Petitioner was not prejudiced by the admission. (Ans., Ex. 3 at 14, 19.)

Out-of-court statements by witnesses that are testimonial hearsay are barred under the Confrontation Clause unless (1) the witnesses are unavailable, and (2) the defendant had a prior opportunity to cross-examine the witnesses. Crawford, 541 U.S. at 59. The witnesses, Petitioner's co-defendants, were clearly unavailable, having invoked their Fifth Amendment right against self-incrimination.[2] However, because there had been no opportunity for cross-examination, the admission of Shields's and Brown's statements violated Crawford, if the statements were testimonial hearsay.

Hearsay is an out-of-court statement used in evidence to establish the truth of the matter asserted. Anderson v. United States, 417 U.S. 211, 219 (1974). The co-defendants' statements were admitted in evidence to prove by the admissions they contained that defendants committed the criminal acts. Their confessions to police, then, were admitted for the truth of the matters asserted in them — that each defendant committed the criminal acts described in the statements. As to the question whether the statements were testimonial, the parties do not dispute that the statements were testimonial, and this agreement is supported by Supreme Court case law, which holds that statements made during police interrogations are testimonial. Crawford, 541 U.S. at 68. It is clear that the statements by Petitioner's co-defendants are testimonial hearsay. On this record, the Court concludes that admission of the co-defendants' statements did indeed violate the Confrontation Clause.

However, Petitioner is not entitled to habeas relief. A Crawford claim, like all other Confrontation Clause claims, is subject to harmless error analysis. See U.S. v. McClain, 377 F.3d 219, 222 (2d Cir. 2004). In the context of reviewing a state court conviction under 28

U.S.C. § 2254, this of course means that relief is in order only if the admission at issue "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993)).

Here, Petitioner is not entitled to habeas relief because the admissions he made on his own were so highly incriminating that the Court cannot say that the admissions of his co-defendants had a substantial or injurious effect in determining the jury's verdict. Specifically, Petitioner admitted at the joint interrogation that he "had intentions to rob the place," was armed and masked, acted as "back-up" to his co-defendants, entered the market first, the gun might have fired when a store clerk grabbed the firearm, and that he helped to hide the firearms. Because these admissions were so highly incriminating, and provided strong evidence on their own of Petitioner's guilt, the Court cannot say that the admission of the co-defendants' statements prejudiced Petitioner.

The Court notes that many of Petitioner's incriminating statements were simply assents to or adoptions of the statements made by his co-defendants. In order to understand what Petitioner was agreeing to in the those instances, it is necessary to bring in as evidence his co-defendants' statements. While at first blush, admission of such apparently testimonial hearsay would appear to violate the Confrontation Clause, the co-defendants' statements are not, as the state appellate court found, being used for the truth of the matters asserted, but rather to "supply meaning to [Petitioner's] response adopting [the co-defendants'] statement[s] as his own." (Ans., Ex. 3 at 16.) Because the statements were not being used for the truth of the matter asserted in those instances, the statements were not hearsay, and, therefore, there was no Confrontation Clause violation. In addition, many of Petitioner's incriminating statements were entirely of his own making, and did not depend on the use of his co-defendants' statements to provide context or meaning. These independent statements provided strong evidence of Petitioner's guilt.[3] Based on this record, Petitioner's claim is denied.

United States District Court
For the Northern District of California

**2. Bruton**

Petitioner also contends that the admission of the statements violated his Confrontation Clause rights as they are articulated under Bruton, cited above.

A defendant is deprived of his Sixth Amendment right of confrontation when a facially incriminating confession of a nontestifying co-defendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the co-defendant. See Bruton, 391 U.S. at 126, 135–36. Even after Crawford, it appears relatively clear that a Bruton claim, like all other Confrontation Clause claims, is subject to harmless error analysis. See United States v. Rashid, 383 F.3d 769, 775–77 (8th Cir. 2004) (applying harmless error analysis to claim of Bruton error after Crawford).

The Court already has determined that, considering the highly incriminating statements Petitioner himself made, the admission of the co-defendants' statements did not result in prejudice to Petitioner. Accordingly, Petitioner is not entitled to habeas relief on this claim.

**CONCLUSION**

The Court concludes that the state court's adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts. Accordingly, the petition for writ of habeas corpus is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

The Clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED**.

DATED: 1/21/2010

MARILYN HALL PATEL
United States District Judge

United States District Court
For the Northern District of California

**NOTES**

1. Miranda requires that a person subjected to custodial interrogation be advised that he has the right to remain silent, that statements made can be used against him, that he has the right to counsel, and that he has the right to have counsel appointed. These warnings must precede any custodial interrogation, which occurs whenever law enforcement officers question a person after taking that person into custody or otherwise significantly deprive a person of freedom of action. See Miranda v. Arizona, 384 U.S. 436, 444 (1966).

2. Assertion of the Fifth Amendment privilege against self-incrimination by a witness, thus preventing cross-examination, constitutes unavailability of that witness. See California v. Green, 399 U.S. 149, 167 (1970).

3. For example, "[Petitioner] was [ ] asked, '[W]hy did you carry a gun in the store?' [Petitioner] answered, 'Watch my partner[']s back, really. Go up in there, we had intentions to rob the place and stuff.' Lacer [the questioning officer] then asked [Petitioner], 'Was Mr. Shields gonna be the main robber, and you were going to be the back-up robber . . .? Or are you both, both the main robbers?' [Petitioner] answered that his own role was back-up." (Ans., Ex. 3 at 6.)